# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| NEXPOINT REAL ESTATE PARTNERS, LLC | § § § | |
| v. | § § | CIVIL ACTION NO. 3:24-CV-1479-S |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | § § § § | |
| IN RE: | § § | BANKRUPTCY CASE NO. 19-34054-SGJ11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal from the Memorandum Opinion and Order Granting Highland Capital Management, L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in Connection with Proof of Claim #146 ("Sanctions Order") and the Order Denying Motion of NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) Seeking Relief from Order Pursuant to Fed. R. of Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(1) & (6) ("Reconsideration Order") entered by the United States Bankruptcy Court for the Northern District of Texas ("Bankruptcy Court") in a dispute between Appellant NexPoint Real Estate Partners, LLC, and Appellee Highland Capital Management, L.P. *See* Second Am. Notice of Appeal [ECF No. 1-1] 1-2. The Court has reviewed and considered Appellant's Opening Brief ("Appellant's Brief") [ECF No. 19], Appellee's Brief [ECF No. 24], the Reply in Support of Appellant's Brief [ECF No. 27], the record on appeal ("Record") [ECF No. 17], and the applicable law. For the following reasons, the Court **AFFIRMS** the Sanctions Order and Reconsideration Order.

## I. BACKGROUND

This appeal stems from the April 8, 2020, proof of claim filed by Appellant NexPoint Real Estate Partners, LLC, in the underlying bankruptcy case. R. 155, 810-14. James Dondero, NexPoint's president and sole manager, signed the proof of claim. *Id.* at 155, 164, 812. In an exhibit to the proof of claim, NexPoint stated that it was a limited partner in SE Multifamily Holdings, LLC. *Id.* at 155, 814. Appellee Highland Capital Management, L.P., was also a limited partner in that entity. *Id.* NexPoint claimed that it "may be entitled to distributions out of SE Multifamily" and that Highland Capital's rights or interests in SE Multifamily "may be the property of [NexPoint]." *Id.* at 814. NexPoint stated that it would update its proof of claim to provide the exact amount of money owed in the next ninety days, but it never did so. *Id.* at 155, 814. Highland Capital objected to the proof of claim. *Id.* at 155, 802.

NexPoint hired counsel and responded to the objection, arguing that the organizational documents for SE Multifamily improperly allocated the members' ownership percentages due to mutual mistake, lack of consideration, and/or failure of consideration. *Id.* at 806 ¶ 5; Appellant's Br. 8. Highland Capital later moved to disqualify the law firm representing NexPoint because that firm represented Highland Capital in one or more transactions underlying the proof of claim. R. 822-45. The Bankruptcy Court granted the motion to disqualify NexPoint's counsel. *Id.* at 1761-64.

NexPoint engaged new counsel, and the parties thereafter conducted discovery. Appellant's Br. 10. When only two fact depositions—both of NexPoint's witnesses—remained, NexPoint moved to withdraw its proof of claim ("Motion to Withdraw"). *Id.* at 11; R. 1765-73. Highland Capital opposed the Motion to Withdraw and requested, among other things, that any permitted withdrawal either: (1) be with prejudice; or (2) come with the requirement that any refiling of NexPoint's claims must be in the same court. R. 1774-1800.

The Bankruptcy Court held a hearing on the Motion to Withdraw on September 12, 2022. *Id.* at 2793-2853. During the hearing, NexPoint's counsel asked Dondero if NexPoint would agree not to challenge Highland Capital's interest in SE Multifamily. *Id.* at 2835 at 43:3-5. Dondero responded that Highland Capital's interest in SE Multifamily was subject to the agreement governing the entity. *Id.* at 43:6-13. After the hearing, the Bankruptcy Court denied the Motion to Withdraw. *Id.* at 2853A-53B, 2853C-53D. NexPoint did not appeal this ruling. Appellee's Br. 24.

The parties completed discovery, and the Bankruptcy Court held an evidentiary hearing on NexPoint's proof of claim. R. 10069-270. At the hearing, NexPoint asked the Bankruptcy Court to reallocate the equity in SE Multifamily. *Id.* at 10247-48 at 179:23-180:9. Highland Capital asked the Bankruptcy Court to make a finding of bad faith in connection with the filing of the proof of claim. *Id.* at 10100-01 at 32:23-33:6, 10264 at 196:17-22. The Bankruptcy Court later entered an order disallowing NexPoint's proof of claim and denying without prejudice Highland Capital's request for sanctions based on NexPoint's alleged bad faith. *Id.* at 10726-64.

Highland Capital then filed its Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint in Connection with Proof of Claim 146. *Id.* at 10804-15. In support of the motion, Highland Capital argued that NexPoint filed and prosecuted the proof of claim in bad faith and that Dondero had no reason to believe it was truthful. *See, e.g., id.* at 10805 ¶ 2. The Bankruptcy Court held a hearing on the motion. *Id.* at 11308-90.

On March 5, 2024, the Bankruptcy Court entered the Sanctions Order. *Id.* at 154-85. The Bankruptcy Court concluded that NexPoint filed and prosecuted its proof of claim in bad faith and willfully abused the judicial process. *Id.* at 163-64. Specifically, the court held: (1) Dondero signed and authorized the proof of claim without reading the proof of claim or conducting any due diligence; (2) NexPoint's litigation strategy evidenced bad faith because, among other things, it moved to withdraw the proof of claim just two business days before the depositions of NexPoint's

3

witnesses and repeatedly attempted to preserve its claims for use in the future despite the motion to withdraw; and (3) NexPoint pursued its proof of claim at trial even though its representatives' trial testimony showed that there was no factual or legal basis for its request. *Id.* at 164-76. The Bankruptcy Court ordered NexPoint to reimburse Highland Capital's attorney's fees and costs in the amount of $825,940.55. *Id.* at 178-79, 184. Over NexPoint's objection, the Bankruptcy Court awarded fees incurred after NexPoint tried to withdraw the proof of claim. *Id.* at 179-81.

Approximately one month later, NexPoint moved for reconsideration of the Sanctions Order. *Id.* at 11455-82. The Bankruptcy Court denied that motion. *Id.* at 146-53.

On June 14, 2024, NexPoint's Second Amended Notice of Appeal was filed in this Court. In Appellant's Brief, NexPoint designated the following issues for appeal:

1. On de novo review, is there clear and convincing evidence that NexPoint filed Proof of Claim #146 in bad faith when it is undisputed that NexPoint acted on the advice of counsel in filing the proof of claim, where the proof of claim explicitly disclosed that it was indefinite and dependent upon discovery, and where there is no evidence that anything in the POC was false or inaccurate at the time of filing?

2. On de novo review, is there clear and convincing evidence that NexPoint pursued the proof of claim in bad faith, even though Highland Capital's sanctions motion did not make that argument and despite NexPoint's indisputably attempting to withdraw the proof of claim with prejudice before the close of discovery and well in advance of any evidentiary hearing on the proof of claim?

3. Did the Bankruptcy Court abuse its discretion under Bankruptcy Code § 105 by awarding Highland Capital the fees it incurred after thwarting NexPoint's request for a with-prejudice withdrawal of the proof of claim on the theory that NexPoint caused those fees?

4. Did the Bankruptcy Court abuse its discretion in denying reconsideration of the Sanctions Order?

Appellant's Br. 3.

## II. LEGAL STANDARD

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts pursuant to 28 U.S.C. § 158(a)(1). When reviewing a bankruptcy court's decision, the "district court functions as a[n] appellate court and applies the standard of review

generally applied in federal court appeals." *Webb v. Rsrv. Life Ins. Co. (In re Webb)*, 954 F.2d 1102, 1103-04 (5th Cir. 1992) (citation omitted). "[R]eviewing courts—district and courts of appeals alike—must accept the findings of fact of the bankruptcy court unless the findings are clearly erroneous." *Coston v. Bank of Malvern (In re Coston)*, 987 F.2d 1096, 1098 (5th Cir. 1992) (citation omitted). "A finding of fact is clearly erroneous only if on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003) (internal quotation marks and citation omitted). Conclusions of law and mixed questions of law and fact are reviewed de novo. *Lavie v. Ran (In re Ran)*, 607 F.3d 1017, 1020 (5th Cir. 2010) (citation omitted); *Cowin v. Countrywide Home Loans, Inc. (In re Cowin)*, 864 F.3d 344, 349 (5th Cir. 2017) (citation omitted).

### III. ANALYSIS

#### *A. Bad Faith*

NexPoint first argues that the Bankruptcy Court erred in issuing the Sanctions Order because it incorrectly found clear and convincing evidence that NexPoint filed and pursued the proof of claim in bad faith and willfully abused the judicial process. Appellant's Br. 31-40.

District courts "review de novo" bankruptcy courts' "invocation of [their] inherent power" to sanction. *Cadle Co. v. Moore (In re Moore)*, 739 F.3d 724, 729 (5th Cir. 2014) (quoting *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010)). The decision to impose a sanction requires a finding of clear and convincing proof of "bad faith or willful abuse of the judicial process," which the district court also reviews de novo. *Id.* (citation omitted). The Court, having reviewed de novo the Bankruptcy Court's imposition of sanctions and determinations regarding bad faith and willful abuse of the judicial process, concludes that the Bankruptcy Court's rulings were correct and thus affirms them.

### *B. Attorney's Fees Award*

Second, NexPoint argues that even if the Court agrees with the Bankruptcy Court's decision to award sanctions, a portion of the sanction issued—namely, the amount awarded for fees incurred after denial of NexPoint's Motion to Withdraw—exceeded the Bankruptcy Court's power under 11 U.S.C. § 105. Appellant's Br. 41-45.

District courts review the content of the sanction awarded for abuse of discretion. *In re Moore*, 739 F.3d at 729 (citation omitted). In other words, the reviewing court will affirm a sanctions order "only if clear and convincing evidence supports the court's finding of bad faith or willful abuse of the judicial process. If this high threshold . . . is surmounted, [the court] review[s] the substance of the sanction itself more deferentially, for an abuse of discretion." *Id.* at 730 (footnote and citation omitted). Fee-shifting sanctions are intended to be compensatory, not punitive. *Charitable DAF Fund, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 98 F.4th 170, 175 (5th Cir. 2024) (citation omitted). When a bankruptcy court issues a fee-shifting sanction, it must "establish a causal link between the litigant's misbehavior and legal fees paid by the opposing party." *Id.* (cleaned up). The court may shift "only those attorney[']s fees incurred because of the misconduct at issue." *Id.* (citation omitted).

Having reviewed the content of the sanction awarded, the Court concludes that the Bankruptcy Court did not abuse its discretion in calculating the attorney's fees to be shifted. For this reason, and for the reasons set forth above, *see supra* § III.A., the Court affirms the Sanctions Order.

### *C. Motion for Reconsideration*

Finally, NexPoint contends that the Bankruptcy Court erred in denying NexPoint's request for reconsideration. Appellant's Br. 45-48. Courts review denials of motions for reconsideration under Federal Rule of Civil Procedure 60(b) for abuse of discretion. *Martin v. Akzo Nobel Polymer*

6

*Chems. LLC*, 180 F. App'x 519, 520-21 (5th Cir. 2006) (citation omitted). The Court has reviewed the Reconsideration Order and found no abuse of discretion. Therefore, the Court affirms the Reconsideration Order.

## IV. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's Memorandum Opinion and Order Granting Highland Capital Management, L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in Connection with Proof of Claim #146 and Order Denying Motion of NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) Seeking Relief from Order Pursuant to Fed. R. of Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(1) & (6).

**SO ORDERED.**

SIGNED September 22, 2025.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**